

# The Attorney General of Texas

December 28, 1984

J MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
J/475-2501
ex 910/874-1367
Telecopier 512/475-0266

Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

1824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

4001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

6 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. George W. McNiel
State Auditor
P. O. Box 12067
Austin, Texas    78711

Opinion No. JM-276

Re: Whether the tuition charges listed in section 54.051(k) of the Education Code apply to vocational/technical courses taken on the basis of contract hours

Dear Mr. McNiel:

You have requested our opinion about the proper tuition to be charged to students enrolled in nursing programs at junior colleges. Specifically, you ask for answers to the following questions:

1. Does the $50 per semester rate established by section 54.051(k) of the Education Code apply to students enrolled in an associate nursing degree program at a junior college? If so, is the $50 rate a minimum, or must the junior college charge exactly $50 per semester?

2. Does the $50 per semester rate established by section 54.051(k) of the Education Code apply to students enrolled in a licensed vocational nursing degree program at a junior college? If so, is the $50 rate a minimum, or must the junior college charge exactly $50 per semester?

3. Does the fact that nursing courses are taught on a quarter basis rather than a semester length basis have any impact on the required tuition rates addressed in questions 1 and 2 above?

We will turn our attention first to your questions 1 and 2, which may be answered together. Section 54.051(k) of the Texas Education Code reads as follows:

> Tuition for students registered in a school of
> nursing as a nursing student is $50 per semester
> and per 12-week summer session.

Attorney General Opinion M-940 (1971) defined "school of nursing" as any course of study in nursing receiving accreditation from the Board of Nurse Examiners or the Board of Vocational Nurse Examiners. Therefore, if an associate nursing degree program, or a vocational nursing degree program, at a junior college has received accreditation from the appropriate board, the program is a "school of nursing" for the purposes of section 54.051(k.) of the Education Code.

Chapter 54 of the Education Code, of which section 54.051(k) is a part, provides for tuition and fees at state institutions of higher education. The chapter, however, applies to junior colleges "only to the extent provided by Section 130.003(b) . . ." of the Education Code. Educ. Code §54.002. Section 130.003(b) lists eligibility requirements for state supplemental funding of public junior colleges and reads in part as follows:

> (b) To be eligible for and to receive a pro-
> portionate share of the appropriation, a public
> junior college must:
>
>     . . . .
>
> (4) collect, from each full-time and part-time
> student enrolled, matriculation and other session
> fees in the amounts required and provided by law
> for other state-supported institutions of higher
> education. . . .

This office has interpreted section 130.003(b) as making "those portions of Chapter 54 pertaining to tuition . . . for other institutions of higher education [applicable] to public junior colleges," regardless of whether a particular junior college program is academic or vocational. Attorney General Opinion M-1129 (1972).

The important distinction for tuition purposes is not whether a course is academic or vocational, but whether the course is taken for college credit. As stated in an earlier opinion from this office:

> We conclude . . . that any course, whether
> academic or vocational, offered for credit in a
> public junior college wishing to participate in
> state funding must be offered on a tuition basis.
> By necessary implication, no tuition is required
> for non-credit courses.

For this reason, a strict academic-vocational dichotomy is especially inadequate when examining nursing programs.

We therefore conclude, in response to your first two questions, that the $50 tuition charge in section 54.051(k) of the Education Code applies both to properly accredited associate nursing degree programs and to properly accredited vocational nursing degree programs offered for credit at public junior colleges which receive state supplemental funding. The $50 tuition charge is not a minimum; it is a fixed charge which must be assessed by a junior college.

In your third question, you ask whether the fact that some nursing courses are taught on a quarter basis has any impact on the tuition rate required by section 54.051(k). You have not supplied information regarding a particular program, and without such information we cannot adequately address this issue.

### S U M M A R Y

The $50 tuition charge in section 54.051(k) of the Education Code applies to properly accredited associate nursing degree programs as well as to properly accredited vocational nursing degree programs, if they are offered for credit at public junior colleges which receive state supplemental funding. The $50 tuition charge is a fixed charge rather than a minimum.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Jim Moellinger
Jennifer Riggs
Nancy Sutton